United States District Court
Northern District of California

1

2

3

4          **UNITED STATES DISTRICT COURT**

5          **NORTHERN DISTRICT OF CALIFORNIA**

6          **SAN JOSE DIVISION**

7

8    DANA FRANCO,                              Case No.  16-cv-03334-BLF
                 Plaintiff,
9
          v.                                   **ORDER SUBMITTING MOTION TO**
10                                             **CONSOLIDATE CASES WITHOUT**
     EXPERIAN INFORMATION SOLUTIONS,           **ORAL ARGUMENT; VACATING**
11   INC., et al.,                             **HEARING; AND DENYING MOTION**

12               Defendants.                   [Re:  ECF 63]

13

14          The Motion to Consolidate Cases that was set for hearing on May 4, 2017 is hereby

15   SUBMITTED without oral argument and the hearing is VACATED.  *See* Civ. L.R. 7-1(b).  The

16   motion is DENIED for the reasons discussed below.

17          Defendant Experian Information Solutions, Inc. asks this Court to consolidate 171 cases

18   that currently are assigned to several different judges in this district.  Defendant's motion is

19   governed by Federal Rule of Civil Procedure 42(a), which permits a court to consolidate cases that

20   "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  "The district court has broad

21   discretion under this rule to consolidate cases pending in the same district."  *Inv'rs Research Co.*

22   *v. U.S. Dist. Court for Cent. Dist. of California*, 877 F.2d 777, 777 (9th Cir. 1989).  "In

23   determining whether or not to consolidate cases, the Court should weigh the interest of judicial

24   convenience against the potential for delay, confusion and prejudice."  *Zhu v. UCBH Holdings,*

25   *Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010) (internal quotation marks and citation omitted).

26          Neither Rule 42(a) nor this Court's Civil Local Rules contemplate consolidation of cases

27   that are assigned to different judges.  Nor do these rules authorize transfer of cases from one judge

28   to another absent a determination that the cases are related under Civil Local Rule 3-12.  While the

cases at issue share common legal theories, they are asserted on behalf of different plaintiffs based on different facts and therefore do not meet the definition of related cases under Civil Local Rule 3-12. Moreover, assigning 171 cases to a single judge would result in substantial delay and inconvenience, which would outweigh any efficiency that might be gained from consolidation.

As to the cases pending before the undersigned judge, the Court finds that consolidation is inappropriate under the circumstances. Should these cases make it past the pleading stage, much of the discovery and many of the factual issues will be individualized. For example, showing that the reporting of each plaintiff's debt was inaccurate, and that the plaintiff suffered resulting damages, will require plaintiff-specific proof.

While formal consolidation is not warranted, the cases assigned to the undersigned judge will be coordinated to the extent practicable.

**IT IS SO ORDERED.**

Dated: February 14, 2017

BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

2